## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | ) <br> ) <br> ) |
| and | ) <br> ) |
| KANDI EMERY<br>Intervenor, | ) CIVIL ACTION No.: 3:11CV1965(SRU)<br> ) <br> ) |
| V. | ) <br> ) <br> ) |
| LANDINGS REAL ESTATE GROUP,<br>LONG MEADOW LANDINGS, LLC<br>and LANDINGS MANAGEMENT, LLC<br>Defendants. | ) November 30, 2012<br> ) <br> ) <br> ) |

### CONSENT ORDER

The United States filed suit against the defendants, Landings Real Estate Group, Long Meadow Landings, LLC, and Landings Management, LLC (hereinafter "defendants"), on December 20, 2011 on behalf of Kandi Emery (hereinafter "Ms. Emery"), pursuant to § 812(o) of the Fair Housing Act, as amended, 42 U.S.C. § 3612(o). The complaint alleges that the defendants discriminated against Ms. Emery on the basis of familial status in connection with the rental of an apartment located at 55 South Road, Groton, CT, in violation of the Fair Housing Act, 42 U.S.C. § 3604(a).

On February 1, 2012, the Connecticut Fair Housing Center, intervened in this action, on behalf of Kandi Emery.

The Parties have agreed to the entry of this Consent Order to resolve all claims of the United States and Ms. Emery against the defendants and to avoid further expenses and the uncertainties of litigation. By entering into this Consent Order, the defendants do not admit to any violation of the Fair Housing Act, 42 U.S.C. §§3601, *et seq.*

## I. GENERAL INJUNCTION

The defendants, their officers, agents, employees, and all persons in active concert or participation with them are enjoined, with respect to the rental of any dwellings as defined by 42 U.S.C. §3602(b), from:

A.  Refusing to rent, or to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to any person because of familial status, in violation of 42 U.S.C. § 3604(a); and

B.  Imposing, maintaining or enforcing an occupancy policy that is more restrictive than the applicable local occupancy code.

## II. AFFIRMATIVE RELIEF

A.  Defendants shall within 30 days of the entry of this Order post and prominently display in the rental office and in any other office where there is rental activity and/or personal contact with applicants for the rental of dwellings from the defendant, a poster no smaller than 11 inches by 14 inches that indicates that all dwellings are available for rent on a nondiscriminatory basis.  The poster(s) shall comply with the requirements set out in 24 C.F.R. Part 110.

B.  Defendants shall within 30 days of the entry of this Order include the words "Equal Housing Opportunity" or the fair housing logo in all advertising conducted by the defendants in newspapers, telephone directories, radio or other media, and on all signs, pamphlets, brochures, and other promotional literature.  The words or logo shall be prominently placed and easily legible.  Nothing in this provision shall require Defendants to replace existing large metal or wooden signage that only identify the name of the property.

- 2 -

### III. MANDATORY EDUCATION AND TRAINING

A. Within 30 days of the date of entry of this Order, defendants shall provide a copy of this Order to all their representatives, agents and employees involved in the rental or management of dwellings and secure the signed statement from each agent or employee acknowledging that he or she has received and read the Order. This statement shall be substantially in the form of Attachment A.

B. During the term of this Order, within 30 days after the date he or she commences an agency or employment relationship with the defendants, each new agent or employee involved in the rental or management of dwellings shall be given a copy of this Order and be required to sign a statement acknowledging that he or she has received and read the Order. This statement shall be substantially in the form of Attachment A.

C. By May 1, 2013, defendants' representatives, employees and agents shall undergo training on the provisions of the Fair Housing Act pertaining to discrimination on the basis of familial status. The training shall be conducted by a qualified third party, approved in advance by the United States and unconnected to defendants or its employees, agents, or counsel. Defendants shall provide to the United States, within 30 days after the training, the name(s), address(es) and telephone number(s) of the trainer(s) and certification executed by the trainers confirming the attendance of all representatives, employees and agents of the defendants.

## IV. <u>COMPENSATION OF AGGRIEVED PERSONS</u>

The defendants shall pay to Ms. Emery, an aggrieved person within the meaning of the Fair Housing Act, forty thousand dollars ($ 40,000) in consideration of this settlement and release of all claims (hereinafter "Settlement Amount") provided that no Settlement Amount shall be paid pursuant to this paragraph before Ms. Emery has executed a written release (substantially in the form of Attachment B) of all claims, legal or equitable, that she might have against the defendants relating to the claims asserted in this lawsuit.  This full Settlement Amount must be paid within one year of the date of entry of this Order.  Defendants agree to pay this Settlement Amount in installment payments, beginning within 7 business days after the date of entry of this Order. All installment payments will be made payable to "The Connecticut Fair Housing Center as Trustee for Kandi Emery" and shall be sent to Greg Kirschner, The Connecticut Fair Housing Center, 221 Main Street, 4th Floor, Hartford, CT 06106. The first installment payment, due within 7 business days after the execution of this Order , will be in the amount of $9,000. The remaining payments shall be made according to the following schedule:

- Payment of $7,750 will be due on or before the first day of February, 2013
- Payment of $7,750 will be due on or before the first day of May, 2013
- Payment of $7,750 will be due on or before the first day of August, 2013
- Payment of $7,750 will be due on or before the first day of November, 2013

- 4 -

## V. RECORD KEEPING AND REPORTING

A. During the two-year term of this Order, the defendants shall retain all rental records maintained in the normal course of their business -- including, but not limited to, inquiry logs, applications, tenant files, and all records relating to actual or threatened evictions.  Upon request and reasonable notice, the defendants shall produce or permit representatives of the United States to review any such records in the possession or control of the defendants, or their agents, employees, or representatives.

B. During the two-year term of this Order, the defendants shall give counsel for the United States written notice within 15 days of the receipt of any written or oral complaint against the defendants regarding discrimination on the basis of familial status and a description of the resolution of any such complaint within 15 days of resolution.  If the complaint is written, the defendants shall provide a copy of it with the notice; if the complaint is oral, defendants shall include a written summary of it with the notice.  The notice shall include the full details of the complaint, including the complainant's name, address and telephone number, if known.  The defendants shall also promptly provide the United States all information it may request concerning any such complaint and its actual or attempted resolution.

## VI. COURT JURISDICTION, SCOPE AND TERM OF CONSENT ORDER

A. The Parties have consented to the entry of this Order as indicated by the signatures below.  To this end, the Parties stipulate and the Court finds that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1345 and 42 U.S.C. §3612(o). This Consent Order is effective immediately upon its entry by the Court.

B. The term of this agreement will be two years from the date of entry of this Consent

- 5 -

Order.  The Court shall retain jurisdiction over this action and over the defendants for two years

from the date of entry of this Consent Order to enforce the terms of the Order, after which time

the case shall be dismissed with prejudice.  The United States may move the Court to extend the

duration of the Order if it determines that the defendants have violated one or more terms of the

Order or if the interests of justice otherwise require.

      C.  The parties to this Consent Order shall endeavor in good faith to resolve informally

any differences regarding interpretation of and compliance with this Order prior to bringing such

matters to the Court for resolution.  However, in the event of a failure by the defendants to

perform in a timely manner any act required by this Consent Order or should defendants act in

violation of any provision thereof, the United States may move this Court to impose any remedy

authorized by law or equity, including, but not limited to, an order requiring performance of such

act.

      D.  Except as otherwise set forth herein, each party to this Consent Order shall bear its

own costs and attorney's fees associated with this case.

So ORDERED this _6TH_ day of _December_ 2012.

STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE

The undersigned hereby apply for and consent to the entry of this Order:

- 6 -

THE PLAINTIFF,
UNITED STATES OF AMERICA

By: _____
Ndidi Moses   (ct27456)
Assistant United States Attorney
U.S. Attorney's Office
157 Church Street, 23rd Floor
New Haven, CT 06510
Tel: (203) 821-3700
Fax: (203) 773-5373
Email: ndidi.moses@usdoj.gov

THE INTERVENOR, KANDI EMERY

By: _____
Greg J. Kirschner
The Connecticut Fair Housing Center
221 Main Street, 4th Floor
Hartford, CT 06106
Tel: 860 263 4400
Fax:  860 247-4236
Email:  greg@ctfairhousing.com

THE DEFENDANTS, LANDING REAL
ESTATE GROUP, LONG MEADOW
LANDINGS, LLC, LANDINGS
MANAGEMENT, LLC

By: _____
Karen Baldwin Kravetz
Philip Kent
Sussman, Duffy, & Segaloff
59 Elm Street
New Haven, CT 06510
Phone: (203) 624-9830
Fax: (203) 562-8430
Email:
kkravetz@susmanandduffy.com